### In re O'CONNOR.

### In re GLOBE REFINERY CO. et al.

#### (Circuit Court, N. D. Georgia. March 15, 1902.)

#### No. 670.

BANKRUPTCY—RIGHT OF SELLER TO RECLAIM GOODS—FRAUD.

Evidence *held* to sustain the claims of sellers to reclaim goods from the estate of the buyer in bankruptcy, on the ground that by reason of fraud the title did not pass.

In Bankruptcy. In the matter of claims of the Globe Refinery Company and Fulton Bag & Cotton Mills. On exceptions to findings of referee.

Culberson, Willingham & Johnson, for the Globe Refinery Co.
Slaton & Phillips, for the Fulton Bag & Cotton Mills.
Tompkins & Alston, for bankrupt.

NEWMAN, District Judge. In the former opinion in this case (rendered November 27, 1901) 112 Fed. 666, the claims of Globe Re-

finery Company, Fulton Bag & Cotton Mills, and Bushway Britt & Co. were referred back to the referee for further investigation and report as to the right of the claimants to reclaim goods in the bankrupt's stock, on the ground that by reason of fraud no title passed to these goods. In the referee's report thereon he finds against all three claims. No exception was taken to his finding on the claim of Bushway Britt & Co., and the case is now before the court on exceptions to the finding of the referee in the claims of Globe Refinery Company and Fulton Bag & Cotton Mills. I am compelled to differ with the referee as to the conclusion he reached. In both of these cases the petitioners are entitled to have the proceeds of their goods allowed to them. As I have frequently held, I will not interfere with the action of the referee as to his finding of facts, unless there is manifest error. In this case, however, the facts require a different conclusion from that which he has reached.

An order may be taken disapproving the action of the referee, and directing the payment to the Globe Refinery Company of the proceeds of the sale of its goods, and to the Fulton Bag & Cotton Mills the proceeds of the sale of their goods. The matter of the taxation of costs as against these two claimants is left to the discretion of the referee.